Herbert, J.,
dissenting. It may be a vain thing to belabor a decision in which six members of this court concur, but, before going into the issue before us, one point not raised by either party and therefore not covered in the per curiam opinion, but a point on which very little light has been shed heretofore, disturbs the writer.
Section 3505.06, Bevised Code, is captioned, “Ballots on Questions and Issues.” It provides in part that there “shall be printed a brief title descriptive of the question or issue below it, such as ‘Proposed Constitutional Amendment,’ ‘Proposed Bond Issue,’ ‘Proposed Annexation of Territory,’ ‘Proposed Increase in Tax Bate,’ or such other brief title as will be descriptive of the question or issue to which it pertains.”
It provides further:
“The questions and issues ballot need not contain the full *78 text of the proposal to be voted upon. A condensed text that will properly describe the question, issue, or amendment shall be used as prepared and certified by the Secretary of State for state-wide questions or issues * * *.”
It then provides that where such condensed text is used the full text shall be posted in each polling place.
Compare the language of this statute with the provisions of Section 1 of Article XVI, Ohio Constitution, the pertinent part of which is:
“* * * if the same shall be agreed to by three-fiftlis of the members elected to each house, such proposed amendments shall be entered on the journals, with the yeas and nays, and shall be submitted to the electors, for their approval or rejection, on a separate ballot without party designation of any kind, at either a special or a general election as the General Assembly may prescribe. Such proposed amendments shall be published once a week for five consecutive weeks preceding such election, in at least one newspaper in each county of the state, where a newspaper is published. If the majority of the electors voting on the same shall adopt such amendments the same shall become a part of the Constitution.” (Emphasis added.)
This court recently held in the case of Leach v. Brown, Secy. of State, ante, 1 (in which the writer dissented), that the provision, “such proposed amendments shall be entered on the journals,” requires strict and literal compliance, and that failure to enter such proposed amendments in full on the respective journal of each house invalidates them.
It is unquestioned here that the General Assembly took the proper steps and that the full text of the proposed constitutional amendment was published as required, but one might pause before the question as to whether the General Assembly has the power to provide by statute for a condensed text on the ballot itself.
Coming then to the requirement of Section 3505.06, Revised Code, that the condensed text properly describe the amendment, the writer does not agree with the view of the majority that this requirement was met here.
The condensation starts out:
“To authorize the issuance of bonds for public buildings *79 and to provide for a cigarette tax to pay for such security for the interest thereon.” (Emphasis added.)
The final paragraph of the condensation states, in part:
“For the purpose of providing funds to pay all interest, principal and charges for the issuance and retirement of such bonds and other obligations, there shall be levied an excise tax on sales of cigarettes * * *.” (Emphasis added.)
Finally, the question as it appeared on the ballot for a yes or no vote reads:
‘4 Shall the proposed amendment of Article VIII of the Constitution of the state of Ohio to provide for a long range building program for the purpose of building public buildings, structures, and other public improvements, excluding highways, and for issuance of securities of the state of Ohio in the amount of $150,000,000 to provide the funds therefor; and to provide for an excise tax on cigarettes to pay for such securities and interest thereon, be adopted?” (Emphasis added.)
In the opinion of the writer, those statements do not constitute a condensed text that properly describes the amendment, to paraphrase the language of Section 3505.06, Bevised Code. Of course, we do not have a misleading description in the same sense as that considered in the case of Beck v. City of Cincinnati, 162 Ohio St., 473, 124 N. E. (2d), 120, but attention is called to paragraph three of the syllabus in that case, which states:
4 4 Such language is argumentative, misleading and coercive, and its use in the caption of a ballot invalidates the election.” It is true that that case was brought as an election contest, which, it is suggested in the per curiam opinion, this action should have been, but note the word, “misleading.”
If the purpose of the condensed text was to acquaint the voter with the substance of the proposed amendment, can it be said now that he was advised he was voting on an issue to pledge the full faith and credit of the state of Ohio behind the bonds subsequently to be issued for the public building program?
Becognizing that it was certainly not the intention of the respondent here to mislead the voter, I cannot escape the conclusion that such was the end result. It may be argued that publication for five weeks of the full text of the proposed amend *80 xnent in daily newspapers in each of the 88 counties and posting of the full text in the polling places were sufficient notice, but it should also be accepted as common knowledge that most voters seeking information on an issue question content themselves with reading the condensed text as it appears on the ballot. Failure to publish the full text as required in the Constitution or failure to post the full text in each polling place as required in Section 3505.06 would undoubtedly be considered fatal. It would seem to follow that the failure to properly describe the issue question in the condensed text should be equally so.
In the opinion in the Beck case (page 475), note the language quoted from the trial court:
“The courts have rather liberally interpreted the laws pertaining to the election of public officials where such election was not attended by fraud or misrepresentation. Trivial nonconformances with the statutes have been overlooked where the purpose of the ballot enabled the voters to clearly reflect their choice of candidates. They will not indulge such liberality of construction of ballots containing unauthorized statements or misrepresentations where bond issues or tax levies are the subject of the ballot. In the latter instance the form of the ballot and all procedural steps are conditions precedent to the validity of the election. The failure to attend the submission of the issue with such procedure is fatal. ’ ’
Following the Beck case, we have the unanimous decision of this court in the case of State, ex rel. Board of County Commrs., v. Guckenberger, Aud., 165 Ohio St., 12, 133 N. E (2d), 323. The Guckenberger case was not an election contest but was an action in mandamus. It did not involve a question of constitutional amendment but merely a proceeding for the issuance of local bonds for the construction, repair and improvement of county roads. In fact, the board of elections there certified the passage of the bond issue. It was only when the county auditor refused to certify the bond resolution passed by the county commissioners subsequent to the election that the action was instituted for a writ of mandamus to require such certification.
As to the argument that two years have elapsed since thi *81 election and no question as to its validity has been raised until now, the answer is apparent. No effort has been made until now to offer to the public bonds issued under the authority of this amendment.
Inasmuch as the question of the power of the General Assembly to enact Section 3505.06, Revised Code, has not been raised in this case and therefore assuming its validity for the purpose of this dissent, it would seem apparent that the requirements of that section are fully as mandatory as were the statutes under consideration in the Guckenberger case, that strict compliance therewith is equally necessary, and that the condensed text in the instant case is misleading and not in strict compliance with its provisions.